COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON


## ORDER OF ABATEMENT

Appellate case name:        Marlon Windon v. The State of Texas

Appellate case number:      01-18-00500-CR

Trial court case number:    1535144

Trial court:                180th District Court, Harris County, Texas

In our October 5, 2019 abatement order, we questioned whether appellant had waived the right to appeal.  In its findings signed on September 26, 2019 and filed in this Court on October 7, 2019, the trial court found that appellant did not waive the right to appeal.  Although our October 5, 2019 abatement order requested the trial court to file an amended certification of defendant's right of appeal, if necessary, an amended certification has not been filed.

On July 7, 2020, we issued an order of continuing abatement, again ordering the trial court to execute an amended certification of appellant's right to appeal.  The trial court has yet to file an amended certification.

The trial court's certification of the appellant's right of appeal is defective.  The certification states that appellant waived the right to appeal, but, as demonstrated in this court's previous orders and the trial court's finding, the record contradicts the certification and shows that appellant has a right to appeal.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record.  *See* TEX. R. APP. P. 25.2(a)(2).  The rules also provide that an amended trial court's certification of the appellant's right to appeal correcting a defect or omission may be filed in the appellate court.  *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.  Therefore, either the trial court must execute an amended certification showing that appellant has the right of appeal, or we must dismiss this appeal despite the fact that appellant has the right to appeal.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, Melissa Martin, shall be present.  Appellant shall also be present for

the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to:

1)	Execute an amended certification of appellant's right to appeal.

*See* TEX. R. APP. P. 25.2(f), 34.5(c).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification of appellant's right to appeal with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature:	_____/s/ Sherry Radack_____
	☒  Acting individually	☐  Acting for the Court

Date:	___October 21, 2021_____

---

1 On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.